FILED
October 05, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003814028

C. Anthony Hughes SBN: 250998
1395 Garden Highway, Suite 150
Sacramento, CA 95833
Ph: 916.440.6666
Fax: 916.254.6666
Attorney for Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>**LYLE DEAN GOSSETT AND CATHERINE DOLORES YUNGER,**<br><br>Debtors. | Case No. 11-43635-B-7<br>Chapter 7<br>Docket Control No.: CAH-001<br><br>Judge: Thomas C. Holman<br>Date: 11/08/2011<br>Time: 09:32 AM<br>Place: 501 I Street, 6th Floor<br>      Sacramento, CA 95814<br>      Department B– Courtroom 32<br><br>Trustee: Kimberly Husted<br><br>**MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTORS' BUSINESS AND PHYSICAL ASSETS** |

LYLE DEAN GOSSETT and CATHERINE DOLORES YUNGER, the Debtors herein, hereby move this court for an Order Compelling Abandonment of the Estate's interest in the Debtors' Business. This Motion is based on the following facts:

1. As shown in the filed schedules of this case, the Debtors operate a sole proprietor business, named "Lyles Marine." Said business is located at 2101 Freewat Drive, Woodland, CA 95776.

2. The Debtors' tools of the trade, equipment, and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedule B (See Exhibit #A attached hereto). The business assets in this case consist of the business, used old motor parts, hand tools, 2204 Stratos Boat, 1992 Monterey Boat, 1985 Ranger Boat,

1968 Aluminum Starcraft Boat, 2001 Aluminum Polar Craft Boat, 1968 Gulft Stream Boat, and 1987 Skeeter Trailer. The Debtors has placed values on these assets in the aggregate total of $15,900.00.

3. As shown in Schedule C (see exhibit #B attached hereto), the Debtors have claimed exemptions totaling $15,900.00 against the values of the BUSINESS ASSETS.

4. In summary:

| | | | |
|---|---|---|---|
| A. | Gross value of BUSINESS ASSETS | | $15,900.00 |
| | Used old motor parts | | $4,000.00 |
| | Hand tools | | $3,000.00 |
| | 2004 Stratos Boat | | $2,000.00 |
| | 1992 Monterey Boat | | $1,500.00 |
| | 1985 Ranger Boat | | $3,500.00 |
| | 1968 Aluminum Starcraft Boat | | $100.00 |
| | 2001 Aluminum Polar Craft Boat | | $500.00 |
| | 1968 Gulft Stream Boat | | $1,200.00 |
| | 1987 Skeeter Trailer | | $100.00 |
| B. | Liens against the BUSINESS ASSETS | | $0.00 |
| C. | Gross Equity | | $15,900.00 |
| D. | Exemptions claimed on BUSINESS ASSETS | | -$15,900.00 |
| E. | Net value of BUSINESS ASSETS to the estate | | $0.00 |

5. The Debtors asserts that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtors. The assets were exempted under C.C.P. 703.140(b)(6) and C.C.P. 703.140(b)(5). Although there are no amount left of the C.C.P. 703.140(b)(6) exemption, there remains an additional unused $330.40 in the C.C.P. 703.140(b)(5) exemption.

6. The business itself has no net sale value to benefit the bankruptcy estate.

7. The Debtors are aware that, under the provision of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtors' business; and then, only with an order of the Court. Otherwise, the Trustee is entitled to shut down the business or abandon the estate's interest in the business.
8. However, the Debtors asserts that, based on the lack of any unexempted equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating or shutting down this business.
9. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtors, to file a motion seeking to compel the Trustee to abandon property of the estate.

Wherefore, the Debtors move this Court to issue an Order Compelling the Trustee to abandon the Estate's Interest in the Debtors' Business.

Dated: 10/04/2011

Respectfully submitted,

By: /s/ C. Anthony Hughes
C. Anthony Hughes